IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIYA STEPANOV,<br><br>                Petitioner,<br><br>     vs.<br><br>DEBORAH K. JOHNSON, Warden,<br>Central California Women's Facility,<br><br>                Respondent. | No. 2:12-cv-02644-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 30] |

       This Court denied Mariya Stepanov, a state prisoner represented by counsel, habeas relief and a certificate of appealability on December 9, 2015. Docket Nos. 27, 28. At Docket No. 30, Stepanov's retained counsel, Michael Bigelow, moves to withdraw as attorney of record. In his filing, Bigelow asks to be removed before his client files a notice of appeal with the Ninth Circuit Court of Appeals, as it is his belief that the Ninth Circuit rules make it more onerous for counsel to withdraw from a case at that point.

       It appears that counsel refers to Ninth Circuit Rule 4-1, which requires counsel wishing to withdraw after the filing of a notice of appeal to provide a statement of reasons for the requested withdrawal and follow a number of other steps (including filing a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), if counsel believes the appeal is frivolous). Although that rule is entitled "Counsel in Criminal Appeals," it applies also in appeals under 28 U.S.C. § 2254 where counsel is appointed by the district court pursuant to 18 U.S.C. § 3006A. Ninth Cir. Rule 4-1(a). That rule does not apply, however, in cases such as this where counsel was retained rather than appointed. In any event, because there is no barrier to retained counsel's

-1-

withdrawal of representation, the Court will grant Mr. Bigelow's request to withdraw as attorney of record in this case.

This Court has, as it does in every § 2254 case, considered whether the appointment of counsel is warranted in light of her retained attorney's withdrawal. While this Court is not unmindful of the plight of unrepresented state prisoners in federal habeas proceedings, there is no constitutional right to counsel in federal habeas proceedings. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991)). Appointment of counsel is not required in a habeas corpus proceeding in the absence of an order granting discovery or an evidentiary hearing. *See* Rules Governing Section 2254 Cases in the U.S. District Courts, Rule 6(a), 8(c). This Court may under the Criminal Justice Act appoint counsel in this case if it determines that the interests of justice so require. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B); *see Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) ("In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."). Because this case has been fully briefed, and the Court has adjudicated it on the merits and determined that no Certificate of Appealability should be granted, this Court does not so determine.

The Court further notes that, because it has already determined that no Certificate of Appealability should be granted, Stepanov must request a certificate of appealability from the Ninth Circuit Court of Appeals to proceed with her appeal (after she has filed a Notice of Appeal in this Court). The Ninth Circuit may issue a certificate of appealability only if Stepanov makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also*

*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Stepanov must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 336 (citation and internal quotation marks omitted).  If, in preparing her application for a certificate of appealability to the Ninth Circuit, Stepanov believes that counsel is necessary on appeal, she should request the appointment of counsel from the Ninth Circuit at that time.

**IT IS THEREFORE ORDERED THAT** the Motion to Withdraw as Attorney of Record at Docket No. 30 is **GRANTED**.

Dated: December 11, 2015.

/s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge